UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES BERNARD NEWTON                                                                              PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:12CV-121-S

JIM BEAM BRANDS CO.                                                                              DEFENDANT

### MEMORANDUM OPINION

The plaintiff, James Bernard Newton, was discharged in June of 2011 from his employment with defendant Jim Beam Brands Co. after Jim Beam learned that Newton had pled guilty to criminal charges for cultivating marijuana in his garage. Newton contended that Jim Beam discriminated against him in his discharge, and Newton's union thus filed a grievance on his behalf, claiming violation of the collective bargaining agreement. Before the grievance was arbitrated, Newton filed this action alleging that his discharge constituted gender discrimination. Newton claimed that a female employee had been more favorably treated.

The parties agreed to hold discovery in this case in abeyance pending the decision of the arbitrator. On October 12, 2012, the arbitrator issued a decision denying Newton's grievance and finding that Jim Beam had been consistent in disciplining its employees.

After issuance of the arbitrator's decision, counsel for Newton withdrew from the case. Newton was given a period of thirty days in which to obtain new counsel to appear in the case or to notify the court of his intention to proceed *pro se*.

Newton neither identified new counsel nor notified the court that he would proceed *pro se*. He has not responded to Requests for Admissions which were served upon him in March 2013 and

for which he signed a certified mail receipt. He has also failed to respond to the motion of Jim Beam for summary judgment.

By the express terms of the collective bargaining agreement in force at the time of his discharge, the decision of the arbitrator is final and binding. Newton had a full and fair opportunity to litigate his grievance. The arbitrator found that Jim Beam applied the Working Rule in issue consistently, and did not treat a female employee more favorably than Newton. Newton is thus precluded from relitigating this issue here. *Stryker Corp. v. National Union Fire Ins. Co.*, 681 F.3d 819. 825 (6th Cir. 2012).

Further, pursuant to Fed.R.Ci.v.P. 36(a)(3), the requests for admissions are deemed admitted, as Newton failed to respond or object to the requests within thirty days. Newton thus admitted that Jim beam did not discriminate against him on the basis of gender and he has no evidence to the support his claim.

The court concludes, based upon the foregoing, that no genuine issue of material fact exists and Jim Beam is entitled to judgment as a matter of law. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

May 30, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**